IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTI L. MCMATH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06–0450 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.     Introduction**

Pending now before the court are: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document No. 10) and DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 12).

Plaintiff, Christi L. McMath, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).

**II.     Background**

**A.     Facts**

Plaintiff was born on December 30, 1956, and lives with her husband and young adult son. She has a tenth grade education. Plaintiff's relevant work history as a cook is

characterized as medium and skilled, and her work as a waitress is characterized as light and semi-skilled.

Plaintiff alleges disability as of February 20, 2003 due to physical and mental impairments. R.at 17. Plaintiff has been treated for hypothyroidism, fibromyalgia, cardiomyopathy, bilateral carpal tunnel, degenerative disc disease and depression. R. at 20. She has also displayed symptoms involving angina chest pain, chronic, radicular pain in the neck and back, gastrointestinal problems and dysthymia. R. at 20. The record shows that Plaintiff has been examined by multiple physicians and health professionals. Plaintiff has not engaged in substantial gainful work activity since she was last employed in 2000. R. at 439.

**B.    Procedural History**

Plaintiff initially filed an application for SSI on February 28, 2003 and DIB on March 27, 2003, in which she claimed total disability due to thyroid disease and heart disease since February 20, 2003. R. at 17. An administrative hearing was held on October 15, 2004 before Administrative Law Judge William E. Kenworthy ("ALJ"). Plaintiff was represented by counsel and testified at the hearing. Karen Krull, an impartial vocational expert, also testified at the hearing.

On December 11, 2004, the ALJ rendered a decision which wasunfavorable to Plaintiff. He opined that although the medical evidence established that the Plaintiff's degenerative disc disease, fibromyalgia, history of chest pain, carpal tunnel syndrome, status post release surgery, and depression are considered "severe" based on the requirements in regulations 20 C.F.R. §§404.1520(c)and 416.920(b), these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. R. at

20, 23.  The ALJ found that Plaintiff could perform a significant range of sedentary work that exists in significant numbers in the national economy and, therefore, was not "disabled" within the meaning of the Act. R. at 16.  The ALJ's decision became the final decision of the Commissioner on February 16, 2006, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ. R. at 8.

On April 6, 2006, Plaintiff filed her Complaint in this Court in which she seeks judicial review of the decision of the ALJ.   The parties have filed cross motions for summary judgment.  Plaintiff raises three issues on appeal:

1. Whether the Commissioner's decision, regarding medical conditions and pain, was based on substantial evidence.

2. Whether the Commissioner committed errors of law.

3. Whether the Commissioner erred in finding that Plaintiff had an RFC for limited range of sedentary work.

The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court agrees with the Commissioner and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

**III.      Legal Analysis**

    A.      <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final decision.  42 U.S.C. §§ 405(g).  If the Commissioner's finding is supported by substantial

evidence, it is conclusive and must be affirmed by the Court.  42 U.S.C. § 405(g);  *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).   The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It consists of more than a scintilla of evidence, but less than a preponderance.  *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation.  20 C.F.R. §§ 404.1520 and 416.920 (1995).  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112,  118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987);  42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1)  by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1.  *See Heckler v. Campbell*, 461 U.S. 458 (1983);  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777;  or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process, and that Plaintiff is "not disabled" within the framework of Medical-Vocational Rule 201.20. In making this determination, the ALJ concluded that considering the Plaintiff's age, educational background, work experience,

and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy. R. at 24.

### B.     Discussion

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987).  The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g);  *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

1.  *The ALJ and Commissioner based their conclusions regarding Plaintiff's conditions and pain on substantial evidence which is reflected in the record.*

Plaintiff asserts that the ALJ failed to properly analyze all of the evidence. Br. for Plaintiff at 10.  Under 20 C.F.R. § 404.1523, the ALJ must "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered seperately, would be of sufficient severity." 20 C.F.R. § 404.1523.  Plaintiff states that Dr. Multari opined that she is incapable of even sedentary work as of October 10, 2005. Br. for Plaintiff at 8.  Plaintiff did not provide a reference to this statement in the record, and after reviewing the record this Court did not find evidence of this opinion.

Plaintiff argues that the ALJ only recites some of the evidence and disregards Dr. Multari's detailed progress notes regarding fibromyalgia, chest pain, and degenerative disc disease. Br. for Plaintiff at 10.  The ALJ evaluated the body of medical evidence, including Dr. Multari's progress notes, to find that the impairment were "severe" within the meaning of the

regulation, but not "severe" enough to meet or medically equal impairments in Appendix 1, Subpart P, Regulations No. 4.  R. at 20.  Plaintiff bears the burden of not only proving that she has a medically determinable impairment, but also that it is so severe that it has prevented her from performing any substantial gainful activity in the national economy.  Heckler v. Campbell, 461 U.S. 458, 460 (1983).  The ALJ did not disregard Dr. Multari's notes, he instead considered the notes along with substantial evidence of Plaintiff's subsequent treatment and results to evaluate her capacity to perform substantial gainful activity.

      Plaintiff opines that the ALJ used "Selective lifting" in his analysis of her medical conditions by placing too much weight on his observation of Plaintiff removing her coat. Br. for Plaintiff at 11.  The ALJ discussed Plaintiff's pain symptoms considering evidence of physical therapy and daily walks, along with his observation of Plaintiff's slow walking with a cane and removing her coat. R. at 22.  The ALJ admitted that Plaintiff's pain is credible, but concluded that the pain is not so severe to be totally incapacitating because she continues to perform a wide range of daily activities. R. at 22.  The ALJ did not base his conclusions solely on his personal observation of Plaintiff, as he evaluated the physical therapy at Dr. Multari's office and daily walks for exercise.  Plaintiff's contention that the ALJ's observations dictated his conclusions through "selective lifting"  is not accurate based on ALJ's examination of Plaintiff's daily tasks.

      Plaintiff cites Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000) to show that an ALJ should not substitute his lay opinion for the medical opinion of expert medical analysis.  In Morales, the ALJ rejected three doctors' reports of IQ scores and substituted his own impression of the claimant as immature, manipulative and unmotivated. Id. at 315.  In this case,

however, the ALJ did not reject the findings of Plaintiff's doctors. He followed the reports to find that some medical impairments were effectively treated. For instance, Plaintiff's thyroid condition was appropriately treated with Synthroid and now she has normal cardiac functioning. R. at 18.

Dr. Satish Narayan evaluated Plaintiff when she reported a worsening of depression symptoms at the time of her father's death in 2001. R. at 355. Dr. Narayan reported that Plaintiff was alert, oriented, cooperative, and pleasant, while her mood was dysphoric and subdued. R. at 356. Dr. Narayan believed that Plaintiff had major depressive disorder, single, non-severe, non-psychotic and dysthmyic disorder. R. at 356. The ALJ did not dismiss Plaintiff's conditions of depression and dysthymia. He assessed the severity of her mental disorder in terms of the functional limitations imposed by the impairment. R. at 20. The ALJ concluded that Plaintiff's limitations resulting from the mental impairments, as supported by testimony and Plaintiff's questionnaire, establish that her restrictions to daily activities were mild, there was no significant difficulty in maintaining social functioning, and there were no significant deficiencies in concentration, persistence or pace. R. at 22.

Although the Plaintiff asserts that the ALJ discounted her pain, the ALJ in fact agreed that Plaintiff's experience of pain was generally credible based on her medical records. R. at 22. A claimant's subjective complaints of pain will not alone establish that he or she is disabled. 20 C.F.R. 404.1529(a). Even where subjective complaints of pain are not fully supported by medical evidence, an ALJ must give them serious consideration. Welch v. Heckler, 80 F.2d 264, 270 (3d Cir. 1986). Where claimant's testimony about pain is reasonably

supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence. Green v. Schweiker, 749 F.2d 1066, 1068 (3d Cir. 1984).

The ALJ seriously considered Plaintiff's subjective complaints of pain, but also found that there was contrary evidence that showed that her pain was not so severe to be incapacitating.  Plaintiff was able to continue her daily walks and ride an exercise bike for 20 minutes, three times per week during physical therapy sessions with Dr. Multari. R. at 444.  Dr. Multari requested Plaintiff to consult Dr. Akram for an evaluation of lower extremity weakness and myalgias. R. at 349.  Dr. Akram reported that  Plaintiff's gait was slow, mildly antalgic, but accurate and she was in no acute distress, and her motor, sensory, and flex functions were intact. R. at 349-350.  The ALJ utilized Dr. Akram's report along with a report by Dr. Tratchman, a consulting pysiatrist, as substantial evidence for his conclusions.  Dr. Tratchman reported that Plaintiff complained of pain but had no focal weakness, and she was able to perform the straight leg test without difficulty. R. at 360.  Although Plaintiff testified that her pain medication causes her to be drowsy, the record does not show that she communicated this side effect to her doctors. R. at 443.  Plaintiff incorrectly alleges that ALJ did not find Plaintiff's complaint of pain to be not credible, but the ALJ did find substantial evidence to show that her pain is not incapacitating.

This Court has no mandate to re-weigh evidence in this case. While reasonable minds may differ about the ALJ's findings, it is clear in this case that the evidence relied upon by the Commissioner amounts to "more than a mere scintilla." Burns v. Barnhart, 312 F.3d 113, 118 ( 3d Cir. 2002).  Congress has clearly stated that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..." 42

U.S.C. § 405(g).  Therefore the Commissioner need not show more.  This Court concludes that the ALJ properly considered the severity of Plaintiff's conditions and her subjective complaints of pain, and that there is substantial evidence of record to support the ALJ's findings.

*2. Plaintiff's Residual Functional Capacity (RFC) for a Limited Range of Sedentary Work is Appropriate.*

To determine disability, the ALJ must assess the claimant's RFC in the fourth and fifth steps of the sequential evaluation process under 20 C.F.R. §404.1520.  The RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p (1).

Plaintiff contends that the ALJ's RFC assessment for a limited range of sedentary work was in error. Br for Plaintiff at 13.  Plaintiff cites Doak v. Heckler, as an authority showing that an ALJ's RFC findings must be supported by medical evidence. Doak v. Heckler, 790 F.2f 26, 29 (3d Cir. 1986).  In Doak, however, the treating physicians gave professional opinions regarding Doak's work abilities that were based on medical tests and their expertise. Id.  Doak's physicians concluded that he could either perform sedentary work or no work at all, and the ALJ's conclusion that he could perform light work was thus not supported by substantial evidence. Id.  This case is distinguishable from Doak because Plaintiff's physicians make no such direct recommendations regarding her work abilities.

Absent physician's recommendations regarding Plaintiff's work abilities, the ALJ considered Plaintiff's age, education and work experience and weighed the evidence as a whole. He found that there were a significant number of jobs in the national economy that she could perform. R. at 23.  The ALJ found that Plaintiff retains the RFC to perform tasks at the

sedentary exertional level, lifting up to ten pounds occasionally and remaining seated most of the work day, with a sit/stand option at reasonable intervals. R. at 23.  He also stated that Plaintiff is not capable of performing tasks or jobs that require repetitive fine motor manipulation and rapid production pace or similar sources of high work place stress. R. at 23. The Commissioner's regulations define "sedentary work" as:

> [I]nvolving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping. *Most* unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

SSR 83-10 (emphasis added).

Plaintiff defined sedentary work as "The ability to perform the full range of sedentary work requires the ability to sit... and to use both hands and fingers for repetitive hand-finger action." Br. for Plaintiff at 13.  The implication that repetitive hand-finger action is required for all sedentary work is contrary to the Commissioner's definition stating that *most* jobs have the hand-finger requirement.  The vocational expert testified to a few examples of jobs that Plaintiff could perform, such as Information Clerk and Receptionist, that fit Plaintiff's RFC with no repetitive hand finger action. R. at 451.  A vocational expert's testimony about available jobs that Plaintiff could perform despite her limitations constitutes substantial evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The Dictionary of Occupational Titles (DOT) defines the duties of an Information Clerk as:

> Answers inquiries from persons entering establishment: Provides information regarding activities conducted at establishment, and location of departments, offices, and employees within organization. Informs customer of location of store merchandise in retail establishment. Provides information concerning services, such as laundry and valet services, in

11

hotel. Receives and answers requests for information from company officials and employees. May call employees or officials to information desk to answer inquiries. May keep record of questions asked.

DOT §237.367-022

The DOT defines the duties of a Receptionist as:

>Greets guests arriving at country club, catered social function, or other gathering place. Introduces guests and suggests planned activities, such as dancing or games. Gives directions to personnel engaged in serving of refreshments. May plan menus and supervise activities of food-service workers. May plan and participate in social activities, games, and sports, depending on nature of establishment or function. May deposit or pick up guests at railway station, home, or other location as directed.

DOT §352.667-010

Plaintiff's RFC was supported by medical evidence, and the vocational expert's testimony was reasonable. Plaintiff's daily activities questionnaire, testimony, physical therapy with Dr. Multari, and some successful medical treatments, such as Plaintiff's improved thyroid condition with Synthroid, indicate that she would be able to fulfill sedentary activities by siting for six hours at a time and sustain a certain amount of walking and standing during a job. R. at 18, 444. The Information Clerk and Receptionist jobs suggested by the vocational expert and the DOT job duties above illustrate that Plaintiff would not be required to perform repetitive hand-finger actions that would adversely affect her carpal tunnel syndrome or carpal tunnel release surgery. This Court thus finds that the ALJ's RFC assessment for Plaintiff was not in error.

### IV.     Conclusion

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court

must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she is able to perform a range of sedentary work.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTI L. MCMATH,  )<br>      Plaintiff,  )<br>  )<br>v.   )<br>  )<br>JO ANNE B. BARNHART,  )<br>Commissioner of Social Security,  )<br>  )<br>      Defendant.  ) | 02: CIVIL ACTION NO. 06-0450 |

**ORDER OF COURT**

**AND NOW**, this 24th day of AUGUST, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. Plaintiff's Motion for Summary Judgment (Document No. 10) is Denied.

2. Defendant's Motion for Summary Judgment (Document No. 12) is Granted.

3. The Clerk will docket this case as closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Keith E. Bell, Esquire
             keith.bell8@verizon.net
        Jessica Smolar, Esquire
             Jessica.smolar@usdoj.gov